**UNITED STATES of America,**
**Plaintiff,**

v.

**Nathaniel CLIFTON, Defendant.**

**Crim. No. 76574.**

United States District Court
District of Columbia.

March 12, 1965.

Nathaniel Clifton, petitioner, pro se.

HOLTZOFF, District Judge.

The petitioner Nathaniel Clifton has presented *pro se* an application for a writ of error *coram nobis* to set aside and vacate a judgment of conviction on a charge of robbery, on which he was sentenced to imprisonment for a term of 2 years to 6 years on April 18, 1946. No appeal was taken. The sentence was served and expired many years ago.

It appears that the petitioner is now serving a sentence in a New York State penal institution imposed by a New York State court. The State sentence was

based on a local statute, which prescribes severer sentences on second offenders than on first offenders. In view of his old District of Columbia conviction the petitioner was sentenced by the New York court as a second offender. He apparently seeks to set aside and vacate the prior District of Columbia sentence with a view to securing a reduction of the New York sentence on the theory that the New York court would then treat him as a first offender.

The present application is based on the ruling of the Supreme Court in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, which regulated the procedure to be followed in determining the admissibility of confessions. It is alleged that the procedure recently prescribed by the Supreme Court was not pursued at the trial in this case.

In Jackson v. Denno, supra, the Supreme Court reviewed the different types of procedure followed in various jurisdictions for a determination of the question whether a defendant's confession was voluntary or involuntary. Under the New York practice, which was in question in that case, and which likewise prevailed in some other jurisdictions, the trial judge made a preliminary determination of the matter and excluded the confession if it could not be deemed voluntary under any circumstances. If, however, the evidence was conflicting and presented a fair question as to voluntariness, the judge admitted the confession and left to the jury the ultimate determination of its voluntary or involuntary character. The Supreme Court disapproved this practice as being violative of the due process of law guaranteed by the Fourteenth Amendment. The majority opinion pointed out that under these circumstances if the jury rendered a general verdict of guilty, it was impossible to ascertain whether the jury gave weight to the confession or excluded it and based its conclusion on the other evidence in the case. Mr. Justice Black, Mr. Justice Clark and Mr. Justice Harlan dissented.

Under what the Court denominated as the "orthodox" rule, the judge hears all the evidence on the issue of voluntariness and then rules definitively on the admissibility of the confession. If he admits the statement, the jury may thereafter consider the question of voluntariness as affecting the weight or the credibility of the confession. Still a third rule, sometimes called the "Massachusetts" rule, is the same as the "orthodox" rule, except that even if the Court admits the confession, the jury is instructed that it must also find that the confession was voluntary before it may consider it. The second and third rules comply with the constitutional requirements as formulated by the Supreme Court in Jackson v. Denno, while the New York practice is not in accord with them.

Assuming arguendo without deciding that an application for a writ of error *coram nobis* lies under the circumstances of this case for the purpose for which the petitioner seeks to obtain it, the application is denied on two grounds. First, the Jackson case was decided on an application for a writ of *habeas corpus* to review the validity of a State conviction. The proceeding was instituted promptly after the affirmance of the conviction and before the death sentence that had been imposed was carried out. In the case at bar the defendant had not only entered upon the service of his sentence but had even completed it many years before filing the present application. It is inconceivable that the Supreme Court could have intended that its decision in the Jackson case should have a retroactive effect to the extent of permitting a reopening of all old cases. No doubt there must be hundreds of prisoners serving sentences in various State and Federal institutions at whose trial confessions were admitted under the procedure that has now been disapproved. To reopen all such cases would in effect be to turn loose numerous criminals, since as a practical matter a retrial in most old cases would not be feasible. This Court adopts the view

that the ruling of the Supreme Court in the Jackson case must be deemed to operate only *in futuro*, as well as perhaps in cases that are still open and have not been closed by the termination of all appellate proceedings. Otherwise there would be a large scale jail delivery all over the country, and a liberation and restoration to freedom of numerous criminals, all to the danger of the citizenry. This is one of the many instances in which the sage observation of Mr. Justice Cardozo is applicable, that "The great generalities of the Constitution have a content and significance that varies from age to age".[1]

█ Second, it is not necessary to rest solely on the first ground just discussed. The petition is also to be denied on a narrower basis. This Court maintains detailed contemporary, handwritten trial notes in permanent bound volumes. It has consulted its trial notes concerning this case. It appears from them that when the defendant's confession was tendered in evidence and an objection was interposed on the ground that the confession was involuntary, the Court excluded the jury and held a preliminary hearing out of its presence, at which various witnesses testified, including the defendant himself. The Court found on the basis of the evidence that the confession was voluntary, overruled the objection, and admitted the confession.

During the presentation of the defendant's case before the jury, the evidence on the issue of alleged coercion resulting in the confession was reintroduced. In its instructions to the jury the Court directed the jury to consider the question of voluntariness of the confession and to exclude the confession unless they found it was voluntary. The Court thus applied what has been called by the Supreme Court in the Jackson case the Massachusetts rule, and did not follow the so-called New York practice, which was disapproved by the Supreme Court. It may be observed that the practice followed by this Court in this instance is that tra-

ditionally and generally adopted by Federal Judges in this district.

This case is one of many illustrations of the well-known fact that rulings of appellate courts relating to criminal law and procedure, are closely followed by the underworld and rapidly circulated by its grapevine. In fact, criminals tend to gravitate to localities where rulings of appellate courts are more favorable to defendants in criminal cases than they are elsewhere.

Petition dismissed.

1. Cardozo, The Nature of the Judicial Process, p. 17.